82,979-02,03,04

Mr. Mario Perez
TDCJ-CID #1534249
Connally Unit
899 FM 632
Kenedy, Texas 78119

Court of Criminal Appeals of Texas
Court Clerk
P.O. Box 12308
Capitol Station
Austin, Texas 78711

Re:  Ex parte Mario Perez, No. WR-82,979-02 ; Ex parte Mario Perez, No.
     WR-82,979-03; Ex parte Mario Perez, No. WR-82,979-04

Dear Court Clerk:

Please file the enclosed Applicant's Objections to Trial Court's Findings of
Fact and Conclusions of Law in the above styled and numbered causes.

Please notify me of any action taken by the Court on my Applications for Writ
of Habeas Corpus.

Thank you.

Respectfully submitted,

_Mario Perez_

Mario Perez, Pro Se

4-2-15

Date

RECEIVED IN
COURT OF CRIMINAL APPEALS

APR 06 2015

Abel Acosta, Clerk

COURT OF CRIMINAL APPEALS OF TEXAS
AUSTIN, TEXAS

EX PARTE

MARIO PEREZ,
TDCJ-CID #1534249,

Applicant.

Tr.Ct.Nos. 2006-CR-5055B-W1; 2006-CR-5056B-W1; 2006-CR-5057B-W1

Tex.Crim.App.Nos. WR-82,979-02; WR-82,979-03; WR-82,979-04

**APPLICANT'S OBJECTIONS TO TRIAL COURT'S FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Applications for Writ of Habeas Corpus
Seeking Relief from Final Felony Convictions
399th District Court of Bexar County, Texas
Honorable Ray Olivarri

By:
**Mario Perez, Pro Se**
TDCJ-CID #1534249
Connally Unit
899 FM 632
Kenedy, Texas 78119

## I. INTRODUCTION

Applicant Mario Perez filed his Applications for Writ of Habeas Corpus in March 2014, requesting relief from three aggravated robbery convictions. The Trial Court entered orders designating issues to be resolved. See Trial Court's Order on Application for Postconviction Writ, pp. 1-2. The Trial Court ordered Mr. Perez's trial attorney Michael Machado to file written affidavits in response to Mr. Perez's claim of ineffective assistance of counsel. Id. After Mr. Machado filed the affidavits, the Trial Court entered its Findings of Fact and Conclusions of Law. See Trial Court's Order Dated March 13, 2015. Mr. Perez did not receive the Trial Court's Orders in the mail until March 26, 2015—three days after the deadline for filing objections to the Trial Court's Orders under Texas Rule of Appellate Procedure 73.4(b)(2). Through no fault of his own, Mr. Perez did not receive the Trial Court's Findings of Fact and Conclusions of Law within the 10-day deadline for filing objections. The Trial Court recommends that relief be denied. Mr. Perez reurges both of his Grounds for relief and the facts stated in his Affidavit attached to his Applications as **Exhibit A.** In an abundance of caution—and in the interest of justice—Mr. Perez respectfully lodges the objections below in Section IV.

## II. STATEMENTS OF FACTS

. Mr. Perez pleaded no contest to three counts of aggravated robbery on July 30, 2008. 1 CR 110, 202, 204. On October 6, 2008, the Trial Court sentenced him to 50 years imprisonment and a $2,500 fine for each count of aggravated robbery. 3 RR 74. Before he entered the no-contest pleas and during the months leading up to his punishment trial, Mr. Perez asked the Trial Court several times to allow him an opportunity to terminate Mr. Machado's employment and retain new counsel. 2 RR 7, 9-10; 1 CR 197-98. The Trial Court denied those requests. 2 RR 9-10; 1 CR 200.

Mr. Perez based his requests on the fact that he could not trust counsel due to several issues that had arisen between the two. 1 RR 197-98; 2 RR 9-10. Defense counsel asked the Court to permit him to withdraw. 1 CR 198. At sentencing, Mr. Machado pointed out to the Trial Court that Mr. Perez received plea offers of 35 years and 45 years, but he "wrecked only because he was fighting with me, as you'll recall. He didn't trust me because he didn't think I was listening to his side of the story." 3 RR 72.

## III. STATEMENT OF THE CASE

Mr. Perez pleaded no contest to three counts of aggravated robbery on July 30, 2008. 1 CR 110, 202, 204. On October 6, 2008, the Trial Court sentenced him to 50 years and a $2,500 fine on each count. 3 RR 74. The Fourth Court of Appeals affirmed the convictions. Perez v. State, No. 04-08-00765, 66, & 67-CR (Sept.9,2009). His Petitions for Discretionary Review were refused on January 27, 2010. Perez v. State, Nos. PD-1757, 58, & 59-09 (Tex.Crim.App.). Mr. Perez filed his Applications for Writ of Habeas Corpus on March 13, 2014.

## IV. OBJECTIONS

OBJECTION NO. 1: THE TRIAL COURT DID NOT ADDRESS APPLICANT'S GROUND 1 CLAIM THAT HE WAS DENIED HIS RIGHT TO COUNSEL OF CHOICE, IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE 1 SECTION 10 OF THE TEXAS CONSTITUTION.

Erroneous deprivation of the right to counsel of choice is a "structural error" in violation of the Sixth Amendment and is not subject to harmless-error analysis. United States v. Gonzalez-Lopez, 548 U.S. 140, 150-52 (2006). Here, the Trial Court did not make any findings of fact or conclusions of law on Mr. Perez's claim that the Trial Court denied him his right to counsel of choice. See Trial Court's Order Dated March 13, 2015.

Mr. Perez respectfully asks the Court to remand the case to the Trial Court with instructions to enter findings of fact and conclusions of law on Ground 1 of his Applications. Denial of counsel of choice is cognizable in

11.07 proceedings. The Court of Criminal Appeals may entertain—on consideration of a habeas corpus petition—claims of denial of counsel of choice. See e.g. Ex parte Blassingame, Nos. WR-69,282-02 & WR-69,282-03, 2013 WL 5872882 (Tex.Crim.App.2013).

> OBJECTION NO. 2: AN EVIDENTIARY HEARING IS NECESSARY SO THAT MR. PEREZ CAN HAVE A FULL HEARING IN REGARD TO HIS CONSTITUTIONAL RIGHT TO COUNSEL OF HIS CHOICE AND TO EXPAND THE RECORD IN THIS MATTER.

When a habeas applicant alleges facts that if true might entitle him to relief, the Trial Court should hold a hearing. See Tex.Code. Crim.P. art. 11.07 § 3(d). Here, the Trial Court did not hold a full hearing on the matter of Mr. Perez's desire to fire his attorney. Mr. Perez has never had the opportunity to have a hearing on his constitutional right to counsel of his choice. Mr. Perez raises factual matters in dispute that need to be resolved with an evidentiary hearing. Although counsel states on p. 2 of his Affidavit that "Mr. Perez DID have a hearing on his desire to terminate me as his trial counsel" and "[t]he hearing was done at the bench," no one testified on the stand at that time. What's more is that the record does not state exactly what occurred at the hearing that was recorded or the hearing that was not recorded.

Counsel also states that "[t]here was never any conflict at any time between me and Mr. Perez." Affidavit of Michael M. Machado, p. 1. But then in the same breath he states that Mr. Perez "lashed out. He made verbal threats against me in the presence of the court's bailiffs." Id. Mr. Machado's own version of the facts contradicts his own statement that there was no conflict. Counsel's own version of the facts affirms that there was a conflict between him and Mr. Perez.

Lastly, an evidentiary hearing would also determine whether counsel was ineffective when he failed to call the conflict between him and Mr. Perez to

the Trial Court's attention earlier and failed to object to the Trial Court's denial of a full hearing on the Motion to Withdraw which deprived Mr. Perez of a fair and meaningful appeal. In these circumstances, a hearing should be held for expansion of the record. Trial counsel's affidavit contains assertions that are contrary to, or implausible in light of, the existing record. When trial counsel presents an affidavit attempting to justify his performance at trial for facially unexplainable conduct, the justifications not evident on the record and presented for the first time in response to a petition for writ of habeas corpus by the State have little value. See Virgil v. Dretke, 446 F.3d 598, 611 (5th Cir. 2006). Ascertaining whether a witness is telling the truth—as yet an entirely unscientific task—demands an opportunity for the factfinder to look the witness in the eye, observe his demeanor, note the dryness of his brow, hear the inflections in his voice, and in general to observe how he holds up in cross-examination. See Mendiola v. Schomig, 224 F.3d 589, 596 (7th Cir. 2000). "Cold paper records supply none of this information." Id.

## V. CONCLUSIONS

For these reasons, Applicant Mario Perez respectfully asks the Court to remand the case to the Trial Court with instructions to hold an evidentiary hearing on Grounds 1 and 2 of his Applications and to enter findings of fact and conclusions of law on Ground 1 and amended findings of fact and conclusions of law on Ground 2. The facts supporting Grounds 1 and 2 are so intertwined that the Trial Court ought to amend its Findings of Fact and Conclusions of Law on Ground 2 after further factual development. In the alternative, Applicant Mario Perez respectfully asks the Court to enter any other order it finds appropriate.

SUBMITTED and SUBSCRIBED on this the *2nd* day of *April*, 2015.

Objections to Trial Court's Findings of Fact and Conclusions of Law – Page 5

Respectfully submitted,

_Mario Perez_

Mario Perez, Pro Se
TDCJ-CID #1534249
Connally Unit
899 FM 632
Kenedy, Texas 78119

## DECLARATION

"I, Mario Perez, TDCJ-CID #1534249, presently incarcerated in the Texas Department of Criminal Justice Correctional Institutions Division at the Connally Unit in Karnes County, Texas on this the _2nd_ day of _April_ , 2015, declare under the penalty of perjury under Chapter 132 of the Texas Civil Practice and Remedies Code and 28 U.S.C. § 1746 that the statements in these Objections are true and correct and that I placed these Objections in the prison mailbox on this the _2nd_ day of _April_ , 2015."

_Mario Perez_

Mario Perez

## CERTIFICATE OF SERVICE

I certify that I served opposing counsel with a true and correct copy of these Applicant's Objections to Trial Court's Findings of Fact and Conclusions of Law by U.S. mail, postpaid and placed in the prison mailbox, on this the 2nd day of April , 2015, addressed to:

Bexar County Criminal District Attorney
Cadena-Reeves Justice Center
300 Dolorosa, Fifth Floor
San Antonio, Texas 78205-3030

Mario Perez